**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO SALGADO-VASQUEZ, | No. 20-70517 |
| Petitioner, | |
| v. | Agency No. A075-132-417 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Francisco Salgado-Vasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to terminate proceedings and his applications for asylum, withholding of removal, and cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law and we review for abuse of discretion the denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

There was no abuse of discretion in the denial of Salgado-Vasquez's motion to terminate because he failed to show that he was prejudiced by the alteration to his notice to appear ("NTA"). *See Kohli v. Gonzales*, 473 F.3d 1061, 1068-70 (9th Cir. 2007) (petitioner was required to show prejudice to succeed on motion to terminate based on a defective NTA). We reject as unsupported by the record Salgado-Vasquez's contentions that the NTA contained a forged certificate of service.

Salgado-Vasquez's contentions that the IJ violated his right to due process by determining that he had been convicted of a particularly serious crime without a hearing fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *see also Dent v. Sessions*, 900 F.3d 1075, 1083 (9th Cir. 2018) (to show prejudice, petitioner must show the outcome of proceedings may have been affected by the alleged due process violation). Thus, Salgado-Vasquez's asylum and withholding of removal claims fail.

We lack jurisdiction to review the discretionary denial of cancellation of removal because Salgado-Vasquez raises no colorable legal or constitutional claim.

20-70517

*See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (court's jurisdiction to review challenges to the IJ's discretionary determination is limited to colorable constitutional claims or questions of law).

The record does not support Salgado-Vasquez's contentions that the BIA or IJ failed to consider evidence or otherwise erred in the analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[T]he BIA does not have to write an exegesis on every contention." (citation and internal quotation marks omitted)); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry Nos. 1 and 6) is otherwise denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**